UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JASON S.,

    Plaintiff,

vs.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

Case No. 3:20-cv-425

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING; AND (2) TERMINATING THIS CASE ON THE DOCKET**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court on Plaintiff's Statement of Errors (Doc. No. 10), the Commissioner's memorandum in opposition (Doc. No. 12), Plaintiff's reply (Doc. No. 13), the administrative record (Doc. No. 9),[1] and the record as a whole.

I.

A. **Procedural History**

Plaintiff filed for DIB alleging a disability onset date of January 14, 2018. PageID 122. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, "bicuspid aortic valve disease, hypertension…, fibromyalgia, [and] anxiety." PageID 125, 152, 284. After an initial denial of his application, Plaintiff received a hearing before ALJ Kevin R. Barnes on October 3, 2019. PageID 142-66. The ALJ issued a written decision on December 27, 2019, finding Plaintiff not disabled. PageID 122-36. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light

---

[1] Hereafter, citations to the electronically filed administrative record will refer only to the PageID.

work,[2] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." PageID 135.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 47-50. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B.     **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 122-36), Plaintiff's Statement of Errors (Doc. No. 10), the Commissioner's memorandum in opposition (Doc. No. 12), and Plaintiff's reply (Doc. No. 13). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

II.

A.     **Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745–46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner*

---

[2] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements. 20 C.F.R. § 404.1567. Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. *Id.* § 404.1567(c). An individual who can perform medium work is presumed also able to perform light work. *Id.* Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or…sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). An individual who can perform light work is presumed also able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

*v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B. **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(a).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job; and (2) engaging in "substantial gainful activity" that is available in the regional or national economies.  § 423(d)(2).

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4).  Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

    2.        Does the claimant suffer from one or more severe impairments?;

    3.        Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

    4.        Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

    5.        Assuming the claimant can no longer perform his or her past relevant work—and also considering the claimant's age, education, past work experience, and RFC—do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ erred by failing to properly evaluated the opinions of his treating physician's assistance, Mr. Nourse. PageID 826-31; Doc. No. 13. Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence (including the opinions of Mr. Nourse); reasonably assessed the consistency of Plaintiff's statements regarding his claimed disability with the record as a whole; accurately determined Plaintiff's RFC; posed appropriate hypothetical questions to the Vocational Expert ("VE"); appropriately concluded at Step Five (and in reliance on the VE's sworn testimony), and could perform a significant number of jobs that existed in the national economy.

4

Accordingly, the Court **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence and **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

Date:  March 23, 2022　　　　　　　　　　　s/Michael J. Newman
　　　　　　　　　　　　　　　　　　　　　　Hon. Michael J. Newman
　　　　　　　　　　　　　　　　　　　　　　United States District Judge