UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JASON S.,

    Plaintiff,

vs.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

Case No. 3:20-cv-425

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING THE COMMISSIONER'S UNOPPOSED MOTION FOR AN INDICATIVE RULING ON A MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 62.1(a)(3) (Doc. No. 19); AND (2) INDICATING THAT THE COURT IS INCLINED TO GRANT RELIEF FROM ITS MARCH 23, 2022 JUDGMENT ENTRY SHOULD THE SIXTH CIRCUIT REMAND FOR THAT PURPOSE**

---

This previously-dismissed Social Security disability benefits appeal returns to this Court while it is pending in the United States Court of Appeals for the Sixth Circuit. The case is presently pending here on the Commissioner's "Unopposed Motion for an Indicative Ruling on a Motion for Relief from Judgment Under Fed. R. Civ. P. 62.1(a)(3)." Doc. No. 19. The Commissioner asks this Court to indicate whether it is inclined to grant relief from its March 23, 2022 judgment entry, in the event the Sixth Circuit remands the case for that purpose. *Id.* at PageID 877. This judgment entry documented the Court's decision to affirm the decision of the Administrative Law Judge ("ALJ") denying Plaintiff's application for Disability Insurance Benefits. *See* Doc. No. 15.

Plaintiff's presently pending appeal in the Sixth Circuit deprives this Court of jurisdiction over issues involved in his appeal. *See Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012). This Court, however, may take certain steps towards reviving its jurisdiction in limited circumstances. These steps arise under Fed. R. Civ. P. 62.1, which provides in pertinent part:

> (a) **Relief Pending Appeal.** If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1)   ...
>
> (2)   ...
>
> (3)   state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a)(3).

An indicative ruling is warranted under Fed. R. Civ. P. 62.1(a)(3) because the Commissioner now agrees, for the first time, that a reversal of the ALJ's non-disability finding (and a remand to the ALJ for further proceedings) is warranted pursuant to the fourth sentence of 42 U.S.C. §405(g). Doc. No. 19 at PageID 876-77. To that end, the Commissioner now concedes that the ALJ needs to review and reconsider (1) Plaintiff's residual functional capacity ("RFC") determination and (2) existing medical evidence in the record. *See id.* Given this, and the lack of a present dispute in this Court, is appears that, in the event the Sixth Circuit remands this case, a motion for relief from judgment would be granted, and a reversal and remand for further administrative proceedings is warranted under Sentence Four.

It should be noted that the Commissioner has identified particular proceedings that will occur in the event the case is remanded to the Social Security Administration—specifically, "the [ALJ] will give further consideration to the opinion evidence from Trent Nourse, PA-C; reconsider Plaintiff's maximum residual functional capacity; and if warranted, obtain supplemental evidence from a vocational expert." *Id.* at PageID 876–77. Moreover, the ALJ below will "offer Plaintiff the opportunity for a hearing; take further action to complete the administrative record; and issue a new decision." *Id.* at PageID 877. An order requiring such proceedings on remand would be well within the confines of Sentence Four. *See* 42 U.S.C. § 405(g).

Accordingly, the Commissioner's unopposed motion is **GRANTED**, and the Court **INDICATES** that it is inclined to grant relief from its March 23, 2022 judgment entry should the Sixth Circuit remand for that purpose.

**IT IS SO ORDERED.**

Date: September 15, 2022                         /s Michael J. Newman
                                                 Hon. Michael J. Newman
                                                 United States District Judge